UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Corey Ivey,

   Plaintiff,

v.

Stellar Recovery, Inc.,

   Defendant.
_____/

CASE NO:
3:17-cv-69-J-32PDB

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Corey Ivey (hereinafter, "Corey" or "Plaintiff"), by and through counsel, brings this action against Defendant, Stellar Recovery, Inc. (hereinafter, "Stellar" or "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes.

### PARTIES

2. Plaintiff, Corey Ivey ("Corey"), is a natural person who resided in Conley, Georgia, at all times relevant to this action.

3. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

-1-

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Stellar resides in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, Stellar collected consumer debts.

8. Stellar regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Stellar's revenue is debt collection.

10. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, Stellar contacted Corey to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Stellar is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, Stellar began calling Corey on his cellular phone in connection with the collection of a debt.

15. Shortly after the calls began, Stellar called Corey's sister ("Sister") on Sister's cellular phone in an attempt to locate Corey.

16. During this communication, Stellar disclosed to Sister that Corey owed a debt.

17. At the time of this communication, Stellar already had Corey's location information.

18. Subsequently, Stellar called Corey on his cellular phone.

19. During this conversation, Corey communicated his desire that Stellar cease calling Sister.

20. Stellar's collection efforts, including but not limited to its telephone calls, caused Corey emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

21. Stellar's collection efforts also intruded upon Corey's privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 21 above as if fully set forth herein.

25. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

26. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

27. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

28. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 21 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Florida Consumer Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 21 above as if fully set forth herein.

32. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

33. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

34. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

35. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff or Plaintiff's family member with such frequency as can reasonably be expected to harass Plaintiff or Plaintiff's family member, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family member.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

                                                  RESPECTFULLY SUBMITTED,

Date: January 19, 2017                By: /s/ Sharina T. Romano
                                            Sharina T. Romano, Esq.
                                            Florida Bar No.: 65501
                                            HYSLIP & TAYLOR, LLC, LPA
                                            1100 W. Cermak Road, Suite B410
                                            Chicago, Illinois 60608
                                            (P) 312.380.6110
                                            (F) 312.361.3509
                                            (E) sharina@fairdebt411.com
                                            *Attorney for Plaintiff*